THE KANSAS CITY NORTHWESTERN RAILROAD COM-
PANY v. GOTTFRIED FROHWERK.

No. 13,419.   (74 Pac. 1124.)

SYLLABUS BY THE COURT.

RAILROADS — *Right to Private Switch — Effect of Foreclosure of
Railroad — Purchasing Company Liable for Cost of Con-
struction.* A railroad company whose property was subject to a
mortgage constructed upon its right of way a switch for the use
of a patron who paid the cost of its construction and took pos-
session of it under an agreement that if the railroad company, its
successors or assigns, desired to abrogate the arrangement and
take possession of the switch he should then be repaid the
amount expended in its construction. Afterwards the mortgage
was foreclosed and the property of the railroad was sold in a suit
in a federal court to which the occupant of the switch was not a
party. A receiver placed in charge of the road pending fore-
closure and sale respected the occupant's possession and exclusive
claim to the switch. A grantee of the foreclosure purchaser
ousted the occupant from the use and possession of the switch
and refused to reimburse him for the cost of its construction.
*Held*, that he could recover the cost of constructing the switch
from the company taking possession of it in an action brought in
a court of competent jurisdiction of this state.

Error from Wyandotte court of common pleas;
WILLIAM G. HOLT, judge. Opinion filed January 9,
1904.   Affirmed.

*Waggener, Doster & Orr*, for plaintiff in error.
*Getty, Hutchings & Dean*, for defendant in error.

The opinion of the court was delivered by

BURCH, J. : Under a contract with the plaintiff be-
low, the Kansas City, Wyandotte & Northwestern
Railroad Company constructed upon its right of way
a switch for the use of the former, who paid the cost
of its construction in the sum of $150. The agree-
ment of the parties was that if the railroad company,

its successors or assigns, desired to abrogate the arrangement and take possession of the switch the plaintiff below should then be repaid the amount he had expended for its construction.   As soon as completed he took possession of the switch, and it was thereafter treated by the contracting company as his private track.

At the date of the contract the property of the railroad company was subject to a mortgage which was afterward foreclosed in a suit in a federal court, to which the plaintiff was not a party.   Pending the foreclosure proceedings a receiver was appointed and placed in charge of the road.   This officer at all times respected the plaintiff's possession and exclusive claim to the switch.   The purchasers at the foreclosure sale conveyed the property to the defendant, the Kansas City Northwestern Railroad Company, who ousted the plaintiff from the use and possession of the switch, and refused to reimburse him for his outlay in its construction.   Is a judgment of a court of competent jurisdiction of this state for $150 in favor of the plaintiff and against the defendant warranted by the law ?

The railroad company claims the plaintiff's remedy lay in the federal court.   During the pendency of the foreclosure proceedings the plaintiff had no cause of action against any one.   He had his switch, and until it was taken away from him he had no grievance requiring redress.   No doubt the federal court might have required its receiver to take possession of the switch and the plaintiff would have been compelled to seek relief in that forum.   But this was not done, and he continued in the enjoyment of his rights until after the road had been sold and then sold again.

The railroad company further claims that it was not a party to the original contract, and in no sense

privy to it, and hence that it was not bound to pay the plaintiff anything.

The plaintiff was a stranger to the foreclosure suit. Therefore, he was not bound by any of its proceedings, and none of his rights was affected by any of its orders or decrees. As to him, the purchasers at the foreclosure sale acquired nothing but the right to divest him of the switch upon the payment of $150. They and their grantees took the privilege and the burden together. The plaintiff's possession was notice of his rights, and every purchaser of the property was bound to respect them.

The railroad company claims, however, that the plaintiff could not have any possession of the switch which would give notice of his rights, assuming for itself an immunity equal in rank with that of the public from the loss of its highways by adverse possession. This, however, is not a case of founding a title upon adverse possession, and the switch involved is not a public highway like a wagon road. The right to occupy the portion of the right of way covered by the switch could be granted in the same manner that the right to build and occupy an elevator or mill might have been granted. To make the plaintiff's possession open, visible, and notorious, it was only necessary that it should be such as the location, character and use of the property required, and this the evidence of the plaintiff proved him to have. The plaintiff was entitled to this possession or to $150. The defendant, having taken the one, must give him the other.

The railroad company also claims that to allow the plaintiff to recover virtually defeats the first-mortgage lien to the extent of his claim. But the plaintiff has taken nothing whatever from the bondholders. The

proceeds of the sale of the road have not been and will not be depleted by him in any respect. Nor will the defendant lose anything it has purchased. The plaintiff paid for this switch. The original company, or any one holding under it, could acquire absolute control of it by paying him its cost. This situation was not affected in any respect by the suit to which the plaintiff was not a party, and the defendant, who purchased with notice, can take the property under no other terms.

Minor claims of error with respect to the introduction of secondary evidence and proof of the authority of an agent are not well founded.

The judgment of the court below is affirmed.

All the Justices concurring.